# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 5:12-CV-013-DCK

| | |
|---|---|
| JAMES L. STOCKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STARWOOD HOTELS & RESORTS ) | |
| WORLDWIDE, INC. d/b/a SHERATON, ) | |
| SHERATON WAIKIKI HOTEL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the Court's jurisdiction. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the "Complaint" (Document No. 1-1), the record, and applicable authority, the undersigned finds that supplemental briefing might assist the Court's consideration of this case.

Plaintiff James L. Stockner ("Plaintiff") filed his Complaint in this action on December 19, 2011 in Catawba County Superior Court, against Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Defendant"), alleging that as a direct and proximate result of Defendant's negligence, Plaintiff suffered physical injuries which resulted in severe mental and physical pain; incurred medical, hospital and drug expenses; and will have future pain and suffering and medical expenses. (Document No. 1-1). Plaintiff seeks to recover "a sum in the excess of $10,000," as well as attorney's fees. Id. at 5. On January 31, 2012, Defendant removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). (Document No. 1).

A defendant may remove a civil action from state court if the action is one over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). These jurisdictional requirements are absolute, and no party may waive a jurisdictional defect. See Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 392 (1998). Furthermore, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010) (internal citations omitted). If necessary, the Court, upon noticing a potential defect, "must raise the matter on its own." Schacht, 524 U.S. at 389. A claim may be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Additionally, the existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).

With respect to the diversity of citizenship requirement under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction over a case only if diversity of citizenship among the parties is complete. Strawbridge v. Curtiss, 3 Cranch 267 (1806). For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In Hertz Corp. v. Friend, the Supreme Court "resolve[d] different interpretations that the Circuits have given th[e] phrase [principal place of business]. In doing so, [the Court] place[d] primary weight upon the need for judicial

administration of a jurisdictional statute to remain as simple as possible." 130 S. Ct. at 1185-86. The Court held that

> the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'

130 S. Ct. at 1186 (citations omitted). The Court went on to express the "belie[f] that the 'nerve center' will typically be found at a corporation's headquarters." Id. The Fourth Circuit recently applied the rule from Hertz and stated, "[i]n sum, the touchstone now for determining a corporation's principal place of business for diversity purposes is 'the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.'" Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 107 (4th Cir. 2011) (quoting Hertz, 130 S. Ct. at 1186).

In the present case, while the parties do not appear to dispute the fact that Plaintiff is a resident and citizen of North Carolina, Defendant's citizenship appears to be at issue. In the Complaint, Plaintiff alleges that Defendant "is a corporation organized and existing under the laws of the State of North Carolina and which does business in the State of North Carolina, including Catawba County." (Document No. 1-1, p.2). However, in Defendant's "Verified Answer to Plaintiff's Complaint," Defendant contends that it is "not a North Carolina corporation" and denies that Starwood does business in Catawba County, North Carolina." (Document No. 3-1, p.4). In its "Motion for Leave to Amend Notice of Removal With Memo of Law In Support and With Incorporation of Verified Answer In Support," Defendant further alleges that "Starwood is a Maryland corporation." (Document No. 5, p.1).

Additionally, the issue of whether the amount in controversy "exceeds the sum or value of $75,000, exclusive of costs and interests," the statutory minimum for federal diversity jurisdiction, remains unclear. 28 U.S.C. § 1332(a)(1). The amount in controversy is usually determined by "the status of the case as disclosed by the plaintiff's complaint." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938). In North Carolina, however, plaintiffs are prohibited from pleading an exact amount of claimed damages, and thus, a determination of the amount in controversy is not possible from the face of the complaint. See Lawson v. Tyco Elecs. Corp., 286 F. Supp. 2d 639, 641 (M.D.N.C. 2003) (citing N.C. Gen. Stat. § 1A-1, Rule 8(a)(2)). Under such circumstances, the Court may determine the amount in controversy by considering all evidence bearing on the issue, including:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal.

Green, 394 F. Supp. 2d at 866 (quoting Watterson v. GMRI, Inc., 14 F. Supp. 2d 844, 850 (S.D.W. Va. 1997)).

In cases where jurisdiction is predicated on diversity of citizenship, and where a complaint does not allege a specific amount of damages but instead seeks damages "in excess" of a certain dollar figure, the party asserting that jurisdiction exists must prove, by a preponderance of the evidence, that the amount in controversy requirement has been met. Momin v. Maggiemoo's Int'l L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002); Gynn v. Wal-mart Stores, 955 F. Supp. 44, 46 (M.D.N.C. 1996). In the case at hand, the jurisdictional allegations set out in Defendant's "Notice

4

of Removal to Federal Court" are insufficient for the Court to determine whether the amount in controversy requirement is satisfied. (Document No. 1). In fact, Defendant's "Notice of Removal to Federal Court" is silent as to the amount in controversy in this case. Id. Based solely on Plaintiffs' claim for compensatory damages "in excess of $10,000" and attorney's fees, the Court cannot say that it is more likely than not that the amount in controversy in the present case is greater than the jurisdictional limit.

As the party asserting federal jurisdiction, Defendant has the burden of proving, by a preponderance of the evidence, that the jurisdictional requirements for removal have been met in this case. Lawson, 286 F. Supp. 2d 639, 641 (M.D.N.C. 2003); Dash v. FirstPlus Home Loan Owner Trust 1996-2, 248 F. Supp. 2d 489, 497 (M.D.N.C. 2003).

**IT IS, THEREFORE, ORDERED** that Defendant shall **SHOW CAUSE** by **May 25, 2012** why this case should not be remanded to state court for lack of subject matter jurisdiction. Plaintiff may file a response to Defendant's filing on or before **June 1, 2012.**

**SO ORDERED**.

Signed: May 18, 2012

David C. Keesler
United States Magistrate Judge