# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:12-CV-013-DCK

| | |
|---|---|
| JAMES L. STOCKNER, | )<br>)|
| Plaintiff, | )<br>)|
| v. | )    **ORDER**<br>)|
| STARWOOD HOTELS & RESORTS WORLDWIDE, INC. d/b/a SHERATON, SHERATON WAIKIKI HOTEL, | )<br>)<br>)<br>)|
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the Court's jurisdiction. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of this issue is appropriate.

Having carefully considered Plaintiff's "Complaint" (Document No. 1-1); "Plaintiff's Response To The Court's Order For Supplementation Of Issue Of Diversity Jurisdiction" (Document No. 15); "Defendant's Response To Court's Order For Supplementation Of Issue Of Diversity Jurisdiction" (Document No. 14); "Defendant's Supplemental Response To Court's Order For Supplementation Of Issue Of Diversity Jurisdiction And Reply To Plaintiff's Response" (Document No. 16); the record; and applicable authority, the undersigned concludes that this action should be remanded to state court.

## BACKGROUND

Plaintiff James L. Stockner ("Plaintiff") filed his Complaint in this action on December 19, 2011 in Catawba County Superior Court, against Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Defendant"), alleging that as a direct and proximate result of Defendant's negligence, Plaintiff

suffered physical injuries which resulted in severe mental and physical pain; incurred medical, hospital and drug expenses; and will have future pain and suffering and medical expenses. (Document No. 1-1). Plaintiff's Complaint does not demand specific monetary relief, but as required by the North Carolina Rules of Civil Procedure, it requests damages "in excess of $10,000," as well as attorney's fees. (Document No. 1-1, pp.4-5); N.C.R.Civ.P. 8(a)(2).

Rule 8 of the North Carolina Rules of Civil Procedure provides in pertinent part that a pleading which sets forth a claim for relief shall contain:

> A demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded. In all negligence actions, and in all claims for punitive damages in any civil action, wherein the matter in controversy exceeds the sum or value of ten thousand dollars ($10,000), the pleading **shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of ten thousand dollars ($10,000)**. However, **at any time after service of the claim for relief, any party may request of the claimant a written statement of the monetary relief sought**, and the claimant shall, within 30 days after such service, provide such statement....

N.C.R.Civ.P. 8(a)(2) (emphasis added).

Pursuant to 28 U.S.C. § 1441(a), Defendant removed this case to this Court on January 31, 2012, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Document No. 1). Defendant's "Notice of Removal to Federal Court" is silent as to the amount in controversy in this case. Id. Based on Plaintiff's Complaint, and on Defendant's Notice of Removal, the undersigned could not find that it was more likely than not that the amount in controversy was greater than the jurisdictional amount required for federal court jurisdiction. (Document No. 1). In addition, there appeared to be some dispute about the citizenship of the parties. In the Complaint, Plaintiff alleges that Defendant "is a corporation organized and existing under the laws of the State of North Carolina

and which does business in the State of North Carolina, including Catawba County." (Document No. 1-1, p.2).

Therefore, on May 13, 2012, the undersigned ordered Defendant to show cause "why this case should not be remanded to state court for lack of subject matter jurisdiction." (Document No. 13, p.5). In that "Order," the undersigned noted that "[a]s the party asserting federal jurisdiction, Defendant has the burden of proving, by a preponderance of the evidence, that the jurisdictional requirements for removal have been met in this case." Id. (citing Lawson v. Tyco Electronics Corp., 286 F.Supp.2d 639, 641 (M.D.N.C. 2003); Dash v. FirstPlus Home Loan Owner Trust 1996-2, 248 F.Supp.2d 489, 497 (M.D.N.C. 2003)).

## DISCUSSION

A defendant may remove a civil action from state court if the action is one over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). These jurisdictional requirements are absolute, and no party may waive a jurisdictional defect. See Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 392 (1998). Furthermore, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010) (internal citations omitted). If necessary, the Court, upon noticing a potential defect, "must raise the matter on its own." Schacht, 524 U.S. at 389. The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).

"The burden of establishing federal jurisdiction lies on the party seeking to litigate in federal court." Gwyn v. Wal-Mart Stores, Inc., 955 F.Supp. 44, 45 (M.D.N.C. 1996) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). This Court has previously opined that

> Not only does the party seeking federal jurisdiction bear the burden of proving that subject matter jurisdiction exists generally, but in cases where jurisdiction is predicated on diversity of citizenship and where a complaint does not allege a specific amount of damages but instead seeks damages "in excess" of a certain dollar figure, the party asserting that jurisdiction exists must prove by the preponderance of the evidence that the amount in controversy requirement has been met.

McLawhorn v. Elizabethtown Ford, LLC, 2005 WL 2133591 at *4 (W.D.N.C. Sept. 1, 2005) (citing Momin v. Maggiemoo's International L.L.C., 205 F.Supp.2d 506, 509 (D.Md.2002) and Gwyn v. Wal-mart Stores, 955 F.Supp. 44, 46 (M.D.N.C.1996)).

More recently, this Court has affirmed the "preponderance of the evidence" standard and further opined that "when analyzing if a defendant has fulfilled its burden, it is correct to settle any uncertainties on the side of state court control." Cole v. Captain D's, LLC, 2008 WL 4104577 at *1 (W.D.N.C. Aug. 29, 2008) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)). The Fourth Circuit has also noted that "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); see also, Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir.1993) ("courts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'").

**A. Diversity**

As noted in the Court's previous Order, while the parties do not appear to dispute the fact that Plaintiff is a resident and citizen of North Carolina, Defendant's citizenship appears to be at issue. (Document No. 13, p.3). In the Complaint, Plaintiff alleges that Defendant "is a corporation organized and existing under the laws of the State of North Carolina and which does business in the State of North Carolina, including Catawba County." (Document No. 1-1, p.2). However, in Defendant's "Verified Answer to Plaintiff's Complaint," Defendant contends that it is "not a North Carolina corporation" and denies that "Starwood does business in Catawba County, North Carolina." (Document No. 3-1, p.4). In its "Motion for Leave to Amend Notice of Removal With Memo of Law In Support and With Incorporation of Verified Answer In Support," Defendant asserts that "Starwood is a Maryland corporation." (Document No. 5, p.1).

Defendant first argues in its supplemental briefing that it is a citizen of Maryland and New York, but not North Carolina. (Document No. 14, p.1). Defendant concludes that based on its state of incorporation (Maryland), and the location of its headquarters (New York), there is complete diversity among the parties. (Document No. 14).

"Plaintiff's Response To The Court's Order..." concedes that complete diversity of citizenship exists between the parties. (Document No. 15). It is undisputed that Plaintiff is a citizen and resident of Catawba County, North Carolina, and his supplemental brief makes clear that he does not challenge that there is complete diversity among the parties. Id.

Based on the parties' additional briefing, the Court is satisfied that the diversity requirement is met. The amount in controversy, however, presents a closer issue.

**B. Amount in Controversy**

North Carolina law forbids a plaintiff to claim a specific amount greater than $10,000 in damages in some cases; therefore, Plaintiff here was limited to simply demanding relief "in excess

5

of $10,000.00." Gwyn, 955 F.Supp. at 45-46 (citing N.C.R.Civ.P. Rule 8(a)(2)).  Because the undersigned is unable to determine the amount in controversy based on the face of the Complaint, other evidence has been considered, including the parties' responses to the Court's Order.  See Gwyn, 955 F.Supp. at 46 ("The implicit premise is that until jurisdiction becomes determinate, the court may consider any evidence of the amount in controversy.  If the complaint does not specify the money damages sought, jurisdiction remains indeterminate while the court considers any other information.").

Defendant acknowledges that it is aware of medical bills totaling $6,002.92 within a year of the underlying incident, but argues that "given the claim of permanent injury, it is reasonably believed Plaintiff contends that his injuries have a value greater than $75,000.00." (Document No. 14, p.6).  In response to Defendant's arguments for the Court's jurisdiction, Plaintiff asserts that he has "indeed suffered severe and limiting injuries [but] no figures approaching $75,000.00 have either been presented to Defendant *nor incurred* by the Plaintiff." (Document No. 15, pp.2) (emphasis added).  Plaintiff contends that he has " incurred medicals to date limits to approximetly $5634.92 and has made no claim for lost wages." (Document No. 15, p.4).  Defendant also filed a "...Supplemental Response..." (Document No. 16) in which it identifies cases that are purportedly similar and "indicate that the potential exposure and amount in dispute in this case exceed $75,000.00." (Document No. 16, p.5).

After careful consideration of the parties' papers, the Court finds that Defendant's removal was based on speculation.  "A finding of jurisdiction cannot be premised on such speculation." Gwyn, 955 F.Supp. at 46 (citing Hohn v. Volkswagen of America, Inc., 837 F.Supp. 943, 945 (C.D. Ill. 1993); Robinson v. Quality Ins. Co., 633 F.Supp. 572, 577 (S.D. Ala. 1986)).  Here, where the

amount in controversy is speculative, and Plaintiff's own representations make it doubtful the amount exceeds $75,000,00, remand is appropriate.

## CONCLUSION

Based on the foregoing, the undersigned finds that this Court lacks jurisdiction over this case and will remand this lawsuit to state court.

**IT IS, THEREFORE, ORDERED** that this matter be **REMANDED** to the General Court Of Justice, Superior Court Division, Catawba County North Carolina.

Signed: June 28, 2012

David C. Keesler
United States Magistrate Judge